[No. 16406. Department One. July 21, 1921.]

JENS PEDERSEN, *Respondent*, v. OTHO F. NORRIS *et al.*, *Appellants*.[1]

PHYSICIANS AND SURGEONS (11)—ACTIONS FOR MALPRACTICE—QUESTION FOR JURY. The negligence of a dentist in the extraction of a tooth, upon removing a gold crown, is a question for the jury, where the plaintiff testified the tooth was sound, though a majority of the witnesses testified the tooth was diseased, and there was testimony that the tooth was loose, and that the bridge could not be removed without extracting the tooth to which it was attached.

SAME (12)—INSTRUCTIONS. In an action for damages for negligently extracting a tooth where there was conflicting evidence as to its soundness, a requested instruction, that "if said tooth was diseased, then I charge you . . . . . . . the extraction was a benefit to the plaintiff and not a damage," was properly refused, since it would not follow as a matter of fact or of law that a tooth which was diseased or not sound should be extracted.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 12, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malpractice. Affirmed.

*Emil N. Stenberg,* for appellants.
*P. L. Pendleton,* for respondent.

BRIDGES, J.—The defendant, E. E. Keith, was an assistant of, and working for, his codefendant, Otho F. Norris, in the dental offices of the latter, in

[1]Reported in 199 Pac. 732.

the city of Tacoma. In June of 1920, the plaintiff visited the offices of the defendants and requested the defendant Keith to remove a gold crown, or bridge, from certain of his teeth. In the act of removing it, one of the teeth to which it was attached was extracted, and plaintiff brought suit against the defendants for damages because of the alleged negligent extraction of the tooth, which he contended was sound. There was a verdict for the plaintiff in the sum of $650. The court denied defendants' motions for nonsuit, instructed verdict, judgment notwithstanding the verdict and for new trial. Judgment was entered upon the verdict, and the defendants have appealed.

One of appellants' contentions is, that the respondent's testimony failed to make a case to be submitted to the jury. While a majority of the witnesses testified that the tooth was diseased, and there was testimony that it was loose and that the bridge could not be removed without extracting the tooth with it, and that there was neither negligence on the part of appellants nor damage to respondent, yet there was also competent evidence to the effect that the tooth was sound and was not loose, and the defendant Keith was negligent in extracting it. Nothing could be gained by repeating, in detail, the testimony on this question; suffice it to say that a reading of the record convinces us that there was sufficient testimony on the part of the respondent to require the court to submit the case to the jury upon the merits.

The appellants requested the court to give the following instruction: "The plaintiff in his complaint alleges that the tooth that came out was a sound tooth. This is denied by the defendants, so if you find that said tooth was diseased, and such diseased condition, in any degree, loosened said tooth, then you will find for the defendants, and if said tooth was diseased and

said plaintiff at said time was seeking relief, then I charge you the extraction was a benefit to the plaintiff and not a damage, and you must hold for the defendants." Complaint is made that the court refused to give this instruction. We think the request was too broad. It would not follow, as a matter of fact or as a matter of law, that a tooth which was diseased or not sound, should be extracted. The court stated the law when it told the jury, in connection with other instructions, that the question is: "Did the defendants, through the defendant E. E. Keith, exercise ordinary care and skill in removing the gold crown from plaintiff's teeth and in their treatment of the plaintiff. Unless you find from a preponderance of the evidence that said defendants did not exercise ordinary care and skill, then you should return a verdict for the defendants." But other instructions given by the court were nearly as broad as that requested by the appellants, for he told the jury that if the appellants "wrongfully and carelessly extracted a sound tooth from plaintiff's jaw, then your verdict should be for the plaintiff . . . ", and that the plaintiff must prove, by preponderance of the evidence, that at the time of the extraction of the tooth the same "was a sound tooth." We have no doubt that the instructions, taken as a whole were fully as favorable to the appellants as they were entitled to have them. We do not find any reversible error; the judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.